UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DETROY LIVINGSTON,

          Plaintiff,

    v.

GLENN GOORD, et al,

          Defendants.

---

FILED

05 FEB 24 AM 11:41

U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER

ORDER
99-CV-6169L(Fe)

    Before the Court is plaintiff's motion for a waiver of the cost imposed for transcribing the trial transcript for his appeal filed February 1, 2005 (document #159). Plaintiff has been granted permission to proceed *in forma pauperis* under 28 U.S.C. § 1915 in his District Court proceedings and on appeal. For that reason, he is entitled, under certain circumstances, to a transcript which is paid for by the government. *See* 28 U.S.C. § 753(f), which provides in pertinent part that "[f]ees for transcripts ... to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." Nevertheless, waiving the transcript fee is not automatic, even where permission to proceed in forma pauperis has been granted. The test for frivolousness under 28 U.S.C. § 753(f) is different from that for certification for *in forma pauperis*. <u>Linden v. Harper & Row, Inc.</u>, 467 F. Supp. at 558 ("An appeal may not be frivolous under the 'good faith' test of Section 1915 ... , and yet may be

frivolous as not presenting a 'substantial question' for the purposes of Section 753(f).").

Therefore, applications for transcripts pursuant to 28 U.S.C. § 753(f) must be supported by a statement detailing a "substantial question for appeal. "If appellant moves for a free transcript, he must provide the district court with a statement detailing the 'substantial question[s]' presented by the appeal." Harper v. U.S., 217 F.3d 889 (2d. Cir. 2000) (quoting 28 U.S.C. § 753(f)). "The standard for determining if an appeal presents a substantial question is whether, when judged on an objective basis, the appeal (1) raises a question that is 'reasonably debatable' and (2) whether the transcript is necessary to the presentation of the appeal." O'Neal v. County of Nassau, 992 F.Supp. 524, 536 (E.D.N.Y. 1997) (citing Linden v. Harper and Row Inc., 467 F.Supp. 556, 557-58 (S.D.N.Y. 1979)); and see Harlem River Consumers Coop., Inc., v. Associated Grocers of Harlem, Inc., 71 F.R.D. 93, 97-98 and n. 7 (S.D.N.Y. 1976)). Here, plaintiff has not submitted a statement presenting a substantial question for appeal. Unless, and until, plaintiff presents such a substantial question to the Court, he has not provided a basis for waiver of the fee. Accordingly, the motion for a waiver of transcript fee is denied without prejudice.

SO ORDERED.

_____
JONATHAN W. FELDMAN

UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2005
       Rochester, New York