

10-2022-pr
Livingston v. Kelly

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT:  REENA RAGGI,
          GERARD E. LYNCH,
          J. CLIFFORD WALLACE,*
              *Circuit Judges.*

--------------------------------------------------------------------------------

DETROY LIVINGSTON,
          *Plaintiff-Appellant*,

          v.                                                      No. 10-2022-pr

WALTER B. KELLY, in both his official and individual capacity,
JOHN T. BENNIS, in both his official and individual capacity,
DONALD SELSKY, in both his official and individual capacity,
THOMAS J. PISKOR, in both his official and individual capacity,
          *Defendants-Appellees*,

GLENN S. GOORD, THOMAS FIAL, R.C. KAUFFMAN,
MICHAEL P. JUSTINGER, BRIGITTE SCHMITZ, SHERLY
STEWART, FRANCIS M. SETTE, ANTHONY MACKIEWICZ,
J. DUNSHIE, M. WENDLE, L. HOINSKI, RANDALL G.
ZIOLKOWSKI, JOSEPH M. KULIK, C.O. ERIC FREESE, R.N.
BARBARA FRISBY, STEPHEN LASKOWSKI, DOCTOR, C.O.

---

* Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

ALAN BAKER, C.O. ERIC STOERR, C.O. BARKER,
ANTHONY W. ZIELINSKI, Dr. J.E. YOUNG, T. BRECKON,
in both his official and individual capacity,
          *Defendants*.\*\*

---

| | |
|---|---|
| APPEARING FOR APPELLANT: | MEGAN K. DORRITIE (Kimberly I. Shimomura, *on the brief*), Harter Secrest & Emery LLP, Rochester, New York. |
| APPEARING FOR APPELLEES: | MARTIN A. HOTVET, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York. |

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 27, 2010, is AFFIRMED.

On partial remand from this court, the district court granted summary judgment in favor of defendants, employees of the New York State Department of Corrections, on plaintiff Detroy Livingston's claims that, while an inmate at the Attica Correctional Facility, he was subjected to prison discipline in violation of due process for incidents arising in 1996 and 1997. See 42 U.S.C. § 1983. We review a summary judgment award de novo, affirming only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact that could allow a verdict in favor of the nonmoving party. See

---

\*\* The Clerk of the Court is directed to amend the caption to read as shown above.

Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Redd v. Wright, 597 F.3d 532, 535-36 (2d Cir. 2010). In applying this standard here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Alleged False Misbehavior Reports

Livingston submits that both his challenged disciplines originated with false misbehavior reports filed by defendants Corrections Officer Bennis in 1996 and Corrections Officer Piskor in 1997. Such allegations cannot support a procedural due process claim if the inmate was afforded a fair opportunity to refute the charges. See Freeman v. Rideout, 808 F.2d 949, 953 (2d Cir. 1986); see also Jones v. Coughlin, 45 F.3d 677, 679 (2d Cir. 1995) (observing that false reports may violate procedural due process if inmate "unfairly denied the right to call key witnesses").[1] To the extent Livingston challenges the fairness of his disciplinary hearings, we address those arguments in the next section of this order. Because we there conclude that Livingston cannot show that he was denied a fair opportunity to refute the charges leveled in the reports, we affirm the award of summary judgment on this part of his due process claim.

2.      Hearing Challenges

---

[1] Because Livingston's counseled Second Amended Complaint does not allege a substantive due process claim for retaliation based on the false reports, see Jones v. Coughlin, 45 F.3d at 679-80; Franco v. Kelly, 854 F.2d 584, 589 (2d Cir. 1988), we do not address that possibility.

Livingston faults the district court for granting summary judgment in favor of Attica Special Housing Director Donald Selsky on Livingston's claim that Selsky denied him due process by upholding flawed disciplinary determinations in connection with both the 1996 and 1997 charges. We disagree.

a.  1996 Charge

Livingston submits that he was disciplined for assaulting prison officers in 1996 on insufficient evidence and without being afforded a fair opportunity to refute the charge. Neither argument raises a genuine issue of material fact for trial.

(1)  Sufficiency

Livingston's sufficiency challenge fails because he cannot show that the discipline decision lacked "some basis" in reliable evidence. Superintendent v. Hill, 472 U.S. 445, 456 (1985); see Sira v. Morton, 380 F.3d 57, 76 (2d Cir. 2004). The challenged discipline was supported by the eyewitness testimony of the assault victims, Officers Bennis and Justinger. The credibility of these witnesses was properly resolved by the hearing officer and is not a subject for independent review by this court. See Sira v. Morton, 380 F.3d at 76. Nor can Livingston secure such review by recasting Justinger's testimonial reliance on the incident report, a matter for credibility consideration, as a due process violation.[2] See generally People v. Taylor, 80 N.Y.2d 1, 8-9, 598 N.E.2d 693, 696-97 (1992) (describing requirements

---

[2] Livingston's complaint that he could not meaningfully cross-examine Justinger about events for which the officer had no present recollection is unconvincing. In any event, due process does not include a right to confrontation at prison disciplinary hearings. See Sira v. Morton, 380 F.2d at 69.

for admission of past recollections recorded); Sabia v. Nat'l Fuel Gas Corp., 292 A.D.2d 807, 807, 738 N.Y.S.2d 633, 633-34 (4th Dep't 2002) (identifying no error in witness's use of documents to refresh recollection).

In any event, even without Justinger's testimony, the discipline decision on the 1996 incident was amply supported by: (1) Bennis's testimony; (2) Officer Hanson's corroborative testimony that he observed the assault on Bennis and Justinger; and (3) Nurse Stewart's testimony that, upon examination of Livingston after the incident, she observed no bruises or lacerations, thereby undermining his claim that he was the victim rather than perpetrator of the assault. See Kalwasinski v. Morse, 201 F.3d 103, 105, 109 (2d Cir. 1999) (holding discipline supported by officer and inmate testimony and misbehavior report).

### (2) Inability to Present Evidence

Livingston submits that his inability to call two witnesses who became unavailable in the time between the 1996 incident and the third disciplinary hearing on that charge deprived him of due process. He raises the same complaint with respect to a surveillance videotape which was erased or taped over between his first and third disciplinary hearings. See Wolff v. McDonnell, 418 U.S. 539, 566 (1974); Sira v. Morton, 380 F.3d at 69. Like the district court, we conclude that these arguments fail as a matter of law.

Nothing in the record indicates that the two unavailable witnesses would have provided any evidence favorable to Livingston beyond that given by three inmates who testified on Livington's behalf at the third hearing. See Russell v. Selsky, 35 F.3d 55, 58-59 (2d Cir. 1994) (holding that preclusion of cumulative evidence does not constitute due

process violation). Further, as to one unavailable witness, the hearing officer was able to review that inmate's prior sworn written statements favorable to Livingston. See Kalwasinki v. Morse, 201 F.3d at 109; Scott v. Kelly, 962 F.2d 145, 147 (2d Cir. 1992). These circumstances cannot demonstrate the denial of a fair opportunity to refute the 1996 charge.

As for the unavailable surveillance tape, the presiding officer at the third hearing had the benefit of a transcript made at the first hearing at which the then-presiding officer played the videotape five times, on each occasion describing its contents in a way that indicated no evidence favorable to Livingston.[3] Although Livingston now claims to the contrary, insisting that the tape showed officers beating him, that belated, self-serving assertion cannot raise a genuine issue of fact to support a due process claim against Selsky where Livingston made no such claim during the five viewings. At that time he complained only about the videotape's time sequences, an assertion specifically rejected by the hearing officer.

Even if we were to determine – which we do not – that these events raised any due process question, we would still affirm the award of summary judgment in favor of Selsky on the ground of qualified immunity.[4] The third hearing on the 1996 charge was held by

---

[3] Livingston objects to defendants' submission of an affidavit by the hearing officer purporting accurately to report a portion of the transcript from the first hearing rather than providing a copy of the official transcript. Because Livingston failed to raise this argument in the district court, we need not consider it. See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005). In any event, Livingston does not claim that the affidavit inaccurately reflects the transcript.

[4] Because we conclude that the unavailability of the videotape did not deprive Livingston of a fair opportunity to refute the evidence against him at the third hearing on the 1996 charges, we can affirm the award of summary judgment in favor of Attica

order of a New York State court, which had concluded that the intervening loss of the videotape "did not mandate dismissal" of the charge because the record indicated that the destruction was routine, that the videotape "evidently failed to support [Livingston's] defense," and that Livingston himself had "made no effort to describe" the tape in a way favorable to his defense. Livingston v. Goord, No. 18,074, at 2-3 (Sup. Ct. Wyo. Cnty. Nov. 14, 1997).[5]  In light of this ruling, it was objectively reasonable for Selsky to think that a fair hearing could be conducted on the 1996 charge even without the videotape. See Manganiello v. City of New York, 612 F.3d 149, 164-65 (2d Cir. 2010) (stating that qualified immunity applied if reasonable officer could have believed action was lawful).

    b.    1997 Discipline

Livingston submits that his 1997 discipline was not supported by sufficient evidence and was infected by bias.  We are not persuaded.

    (1)    Sufficiency

---

Superintendent Kelly – whom Livingston charges with failure to preserve the tape – without deciding whether Livingston has adduced sufficient evidence to establish supervisory liability.  This claim fails for lack of a constitutional deprivation.

[5] Whether the destruction of the tape warranted a spoliation sanction was a matter properly considered and decided by the hearing officer.  His decision not to draw an inference in Livingston's favor fell well within his discretion and hardly indicates a denial of due process by Selsky in upholding the discipline decision. See generally Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 436 (2d Cir. 2001) (identifying no abuse of discretion in district court's denial of spoliation sanction).  Nor do we identify error in the district court's failure to factor a spoliation sanction into its consideration of Selsky's summary judgment motion, particularly as there is no evidence that he is the party responsible for the destruction. See generally Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001) (stating that first purpose of spoliation sanction is to deter parties from destroying evidence).

Livingston's 1997 discipline was supported by (1) the testimony of Officer Piskor that Livingston attacked him after he removed Livingston's handcuffs and found a contraband pen in Livingston's hair, and (2) eyewitness testimony from Officer Hoinski that he observed Livingston struggling with officers rather than being attacked by Piskor as Livingston claimed. Livingston nevertheless contends that the absence of a contraband slip or the seized pen calls into question the reliability of Piskor's testimony. Here again, this raises a credibility issue properly assessed by the hearing officer, not a due process concern. See Sira v. Morton, 380 F.3d at 76.

        (2)    Bias

Livingston claims that the hearing officer's reference to one of his witnesses as a "rat" demonstrates that his 1997 disciplinary hearing was infected by bias. See Sira v. Morton, 380 F.3d at 69 (recognizing right to impartial hearing officer); Patterson v. Coughlin, 905 F.2d 564, 569-70 (2d Cir. 1990). Because Livingston fails to show where such a reference appears in the hearing transcript or to provide any context for the statement, his bald allegation is insufficient to raise a genuine question of bias. See generally Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001) (declining, in the absence of "some factual showing," to assume the effect of labeling an inmate a "rat"), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).[6]

---

[6] The witness in question did not observe the incident giving rise to the 1997 prison charge. Rather, he provided some support for Livingston's claimed motive for the officer's attacking him. Specifically, the witness testified that the day before the incident, Livingston had pointed out Piskor as the officer who failed to provide the witness with books, prompting

3.　Denial of Discovery

Livingston submits that even if the record before this court is insufficient to survive summary judgment, the district court should not have entered such an award without affording him discovery. See Fed. R. Civ. P. 56(f) (now recodified as Fed. R. Civ. P. 56(d)). We review the denial of a Rule 56(f) request for abuse of discretion and identify none here. See Gualandi v. Adams, 385 F.3d 236, 244-45 (2d Cir. 2004). The possibility that discovery would allow Livingston to develop more evidence to support his defense at the discipline hearings or to challenge the credibility of witnesses testifying against him – the thrust of his discovery request – cannot undermine the conclusion compelled by the hearing record: that discipline was supported by "some reliable evidence." Sira v. Morton, 380 F.3d at 76-78. As the Supreme Court has explained, the "some evidence" standard "does not require independent assessment" of witness credibility or "weighing of" evidence. Superintendent v. Hill, 472 U.S. at 455-56.

Insofar as Livingston sought further discovery as to Kelly's possible involvement in the videotape destruction, the district court acted well within its discretion in denying a motion based only on speculation as to what might be discovered, see National Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., 265 F.3d 97, 117 (2d Cir. 2001), particularly where the record evidence failed to show that unavailability of that tape deprived Livingston of a fair opportunity to refute the 1996 charge. The same conclusion obtains with respect to discovery

---

Piskor to tell Livingston to "mind your business." Young Decl. Ex. B, at 26.

9

on defendants' efforts to secure the testimony of two unavailable witnesses; the record confirms that their absence did not violate Livingston's due process rights. Nor do we identify any abuse in the district court's denial of Livingston's request for unspecified information regarding the misbehavior charges based on a purported, but unidentified, change in the law because Livingston has never argued that he lacked sufficient notice of the charged violations. See Sira v. Morton, 380 F.3d at 70.

4.  Conclusion

We have considered Livingston's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the district court's judgment.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

10